UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL RYAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE GOOD FAT CO. LTD.,<br><br>    Defendant. | Case No. 22-cv-03391-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 42 |

The motion to dismiss is granted in part and denied in part. This order assumes the reader is familiar with the case.

The plaintiffs believe that two aspects of the labels on Good Fat's bars violate the federal Food, Drug, and Cosmetic Act and its implementing regulations: the name "Love Good Fats" and the absence of a disclosure statement about the bars' fat content.

The plaintiffs argue that "Love Good Fats" is a nutrient content claim, that "good" is a synonym for "healthy" under the relevant regulations, and that the bars do not meet the requirements to be called "healthy" on the label. But a nutrient content claim is a statement that "expressly or implicitly characterizes the *level* of a nutrient." 21 C.F.R. § 101.13(b) (emphasis added). "Love Good Fats" suggests something about the quality of fats in the bars, not the level of fat present. It is not an express claim like "low fat" or "X grams of fat." § 101.13(b)(1). Nor is it an implied nutrient content claim: It doesn't suggest fat is "absent or present in a certain amount." § 101.13(b)(2)(i). And while it might suggest that the food is "useful in maintaining healthy dietary practices," such a statement is only an implied nutrient content claim when "made in association with an explicit claim or statement about a nutrient." § 101.13(b)(2)(ii)

("e.g., 'healthy, contains 3 grams of fat'"). There is no such explicit claim or statement about fat associated with the Love Good Fats statement. Since it is not a nutrient content claim, the limitations on the use of the word "healthy" and other "related terms" do not apply. § 101.65(d)(1)–(2). Even if they did apply, "good" is not a "related term" under subsection (d)(2). All eight examples of "related terms" have the root word "health," so the category does not include "good."

To the extent that the plaintiffs initially suggested that the phrase "Love Good Fats" might violate federal law even if it is not a nutrient content claim, their opposition brief seems to jettison any such argument. *See* Dkt. No. 44 at 8. And at the hearing, counsel confirmed that the totality of their "Love Good Fats" theory is that it is a nutrient content claim. Since it isn't a nutrient content claim, the claims regarding "Love Good Fats" are dismissed. That dismissal is without leave to amend because the deficiency in the theory that the company is making a nutrient content claim is legal, not factual. The Court expresses no opinion on whether the phrase "Love Good Fats" could otherwise give rise to a claim under California law.

The plaintiffs have stated a claim, however, based on the lack of a disclosure statement about the bars' fat content. The parties agree that the bars exceed the regulation's thresholds for fat and saturated fat, and they agree that there is no statement reading "See nutrition information for fat content." 21 C.F.R. § 101.13(h)(1). The only disagreement is about when such a disclosure statement requirement is required.

Good Fat's position is that the disclosure is required only if the product label includes a nutrient content claim regarding that same nutrient, meaning that no disclosure statement is required here because there is no nutrient content claim about fat or saturated fat.

That reading does not make sense for several reasons. First, a nutrient content claim about fat would already either provide the amount of fat directly (such as "15 grams of fat") or be otherwise regulated based on fat content (such as "low fat," which can only be used on products with less than a certain amount of fat). *See* § 101.62(b)(2). In either case, there's no need for a disclosure statement directing the consumer to the nutrition panel. Second, the

regulation describes these statements as "disclosing that the nutrient exceeding the specified level is present in the food." § 101.13(h)(1). The statements would not serve to disclose the presence of a nutrient if they only appear after the presence of that nutrient has already been disclosed by a separate nutrient content claim.

Finally, while the disclosure statement must be "immediately adjacent to the nutrient content claim," the regulation further provides that if there are multiple nutrient content claims on a single panel, only one disclosure statement is necessary—and that it should be adjacent to the largest of the claims. § 101.13(h)(ii)–(iii). While it's possible for a product to make multiple claims about one nutrient on one panel, the regulation plainly contemplates multiple claims about different nutrients. In that scenario, putting the disclosure statement next to the largest nutrient content claim means it will not necessarily be next to the claim about the same nutrient, even if such a claim is present. Consider a high-fat product that has one nutrient content claim about fat and another, larger one about protein. Under the defendant's theory, the fat claim would trigger a fat disclosure—but that disclosure would have to appear next to the protein claim.

All of these problems go away with the correct reading of the regulation: A disclosure statement is required if a product makes any nutrient content claim. This reading has mostly been the plaintiffs' position. (Their alternative argument that a disclosure statement is always required, whether or not any nutrient content claims are made, does not make sense in light of the placement requirements in (h)(ii)–(iii).) These bars allegedly exceed the fat and saturated fat thresholds while making nutrient content claims about their protein, carbohydrate, and sugar content. The plaintiffs have therefore alleged a violation of section 101.13(h) and thus stated a claim under California's Unfair Competition Law's "unlawful" prong.

The plaintiffs separately allege that Good Fat's advertising is false or misleading under California's False Advertising Law. They allege that the advertising calls the Love Good Fats bars healthy, when in fact the high level of saturated fat makes them unhealthy. Good Fat argues that this is an improper lack-of-substantiation claim, but that isn't right. The plaintiffs affirmatively allege why the bars are unhealthy, pointing to scientific authorities that show a

linear relationship between high levels of saturated fats and high cholesterol, which can cause heart disease and cardiovascular disease. Dkt. No. 41 at 19–24. The plaintiffs are not simply alleging that the health claims are unsubstantiated, so the false advertising claims can go forward.

Good Fat's other challenges are denied. The named plaintiffs have standing to pursue a class action covering all eight flavors of the Love Good Fats bars because they are all sufficiently similar. The challenges to the multi-state and nationwide classes are premature (although it would be the rare case where two California plaintiffs were appropriate multi-state class representatives pursuing state law claims). Finally, the plaintiffs have standing to seek injunctive relief. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969–70 (9th Cir. 2018).

An answer is due within 14 days of this order. A case management statement is due April 28, and the case management conference is reset for 10 a.m. on May 5, by Zoom.

**IT IS SO ORDERED.**

Dated: March 30, 2023

VINCE CHHABRIA
United States District Judge